IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL GRABOWSKI,<br><br>  Plaintiff,<br><br>v.<br><br>ARIZONA BOARD OF REGENTS; UNIVERSITY OF ARIZONA; FREDERICK LEE HARVEY and wife JANET HARVEY; JAMES LI and wife JEAN WANG,<br><br>  Defendants. | No. CV-19-00460-TUC-SHR<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 27.) Plaintiff Michael Grabowski's Third Amended Complaint ("TAC") asserts he was subjected to homophobic bullying and harassment in violation of Title IX. (Doc. 28). After review of the Motion, Complaint, and corresponding filings, the Court will grant Defendant's Motion to Dismiss.

**I.   Factual Background**

The following facts are derived from Plaintiff's Amended Complaint ("Complaint") and are assumed to be true for purposes of deciding the Motion to Dismiss[1] :

In August 2017, Plaintiff Michael Grabowski ("Plaintiff") enrolled at the University of Arizona ("UA") as a freshman on an educational and athletic scholarship. He was a distance runner for the Cross-Country/Track & Field Team ("Team").

---

[1] *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

Almost immediately upon joining the Team, Plaintiff was subjected to bullying from team members. Team members called Plaintiff names such as "gay", "fag", and "cunt". Plaintiff and his parents reported the bullying to Team coaches, James Li and Frederick Harvey on multiple occasions between August 2017 and September 2018. Plaintiff also reported the bullying by team members to the team sports psychologist, Dr. Amy Athey.

On September 12, 2018, Plaintiff was dismissed from the Team by Coaches Li and Harvey. Coach Harvey told Plaintiff, "there's a certain atmosphere we are trying to establish on this team, and you do not fit in it". He also said Plaintiff's name "kept coming up," and accused of "a string of things" by other teammates. The Coaches and Plaintiff later had a meeting with Plaintiff's parents where the coaches could explain the reasons for Plaintiff's dismissal. The Coaches denied any knowledge of the alleged bullying against Plaintiff. Instead, Coaches Harvey and Li recounted several incidents which they claimed led to the dismissal: a report Plaintiff was the perpetrator of a "racial incident" on the team, and that Plaintiff was overheard "joking" about rape with female teammates which then led to a "official Title IX Complaint" lodged against him. Plaintiff denied involvement in both incidents.

Count I of Plaintiff's Third Amended Complaint ("TAC") alleges Defendants' dismissal of Plaintiff from the team rather than remedying the bullying constituted a violation of 28 U.S.C. Title IX ("Title IX"). Count II of the TAC alleges Defendant Coaches Fred Harvey and James Li, acting under the color of state law, discriminated against Plaintiff in their individual capacities and are liable under 42 U.S.C. § 1983. Count III alleges punitive damages are appropriate against individual defendants Harvey and Li. Defendants filed the instant Motion to Dismiss, requesting dismissal of the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). After review of the relevant pleadings and authority, the Court will grant the Motion to Dismiss, in part, and deny it in part.

**II.    Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Meaning, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

This Court must take as true all allegations of material fact and construe them in the light most favorable to the non-moving party. See *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); see *Iqbal*, 556 U.S. at 679. In addition, a court "cannot assume any facts necessary to [a plaintiff's] . . . claim that they have not alleged." *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). "Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendants' conduct. *Id*. at 681.

**III. Discussion**

    **a. Title IX**

Title IX provides "No person shall, on the basis of sex, be excluded from

participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal assistance." 20 U.S.C. § 1681(a). Title IX allows for a private right of action against federal fund recipients, such as universities, for gender discrimination and may seek damages for those violations. *see Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 75–76, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). In some circumstances, recipients of federal funding may be liable for damages under Title IX for student-on-student sexual harassment. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). However, Title IX "does not mean that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." *Id.* at 648.

In order to establish an individual claim under Title IX, Plaintiffs must prove five elements:

> First, the school must have "exercise[d] substantial control over both the harasser and the context in which the known harassment occur[red]." Second, the plaintiff must have suffered harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school." Third, a school official with "authority to address the alleged discrimination and to institute corrective measures on the [school's] behalf" must have had "actual knowledge" of the harassment. Fourth, the school must have acted with "deliberate indifference" to the harassment, such that the school's "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances." ... And fifth, the school's deliberate indifference must have "subject[ed] the [plaintiff] to harassment."

*Karasek v. Regents of University of California*, 956 F.3d 1093, 1105 (9th Cir. 2020) (internal citations omitted). Defendants' Motion to Dismiss relies primarily on the second factor, that the harassment was not so "severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] the [plaintiff] of access to the educational opportunities or benefits provided by the school," and furthermore, that the alleged harassment was not sex-

based.

**"On the Basis of Sex"**

Title IX by its terms provides a remedy only for discrimination or harassment "on the basis of sex." 20 U.S.C. § 1681(a). Thus, a prerequisite to any Title IX case is that the alleged discrimination must be "on the basis of sex". Harassment on the basis of sex can be perpetrated by an individual of the same sex as the victim. *Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Damages are not available for simple acts of teasing and name-calling among school children, even where these comments target differences in gender. *Davis*, 526 U.S. at 651-52, 119 S.Ct. 1661 (1999). Distinguishing between "simple teasing or roughhousing" and "hostile or abusive" behavior requires the court to rely on "[c]ommon sense" and an "appropriate sensitivity to social context[.]" *Oncale*, 523 U.S. at 81-82 (1998). "[M]erely" using words that "have sexual content or connotations" does not demonstrate there was "discrimination because of sex". *Id*. at 80, 118 S.Ct. 998. "It is not enough to show ... that a student has been 'teased,' ... or 'called ... offensive names,' " and it is misleading to suggest Title IX liability arises where "an 'overweight child [ ] skips gym class because the other children tease her about her size[.]' " *Davis*, 526 U.S. at 652, 119 S.Ct. 1661.

Here, the TAC alleges Plaintiff was the subject of sexual insults by fellow team members including being called "gay" "fag" and "cunt". Plaintiff also alleges team members posted "a harassing, homophobic, obscene video" about Plaintiff in the team's public chat group, although, Plaintiff fails to provide any specific allegation concerning the video.

Defendants argue the alleged conduct is not sufficient to state a Title IX claim because they fail to show the team members were motivated by Plaintiff's sex or sexual orientation. In response, Plaintiff relies solely on the Supreme Court's recent decision in *Bostock v. Clayton County* for his assertion that the alleged bullying constituted a violation of Title IX. Plaintiff argues the *Bostock* decision expanded the meaning of "because of sex" such that the caselaw cited by Defendants now has "no merit". The Court finds

Plaintiffs' reliance on *Bostock* unpersuasive. First, *Bostock* involved a matter of statutory interpretation limited to Title VII of the Civil Rights Act of 1964, and the employment sphere. *See* 140 S. Ct. at 1754. Second, "although the Court expanded the groups of individuals protected by Title VII, it in no way altered the preexisting legal standard for sexual harassment." *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 677 (5th Cir. 2021). Lastly, the leap Plaintiff asks the Court to make in applying *Bostock* here is too great; Plaintiff reasons "a natural corollary" of *Bostock* is that student-on-student harassment violates Title IX when it is "based in part" on the victim's sex, or real or perceived sexual orientation, regardless whether other factors may have motivated the harassment. Plaintiff's argument runs contrary to the existing caselaw that has repeatedly held a plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] ... because of ... sex.'" *Oncale*, 523 U.S. at 80-81, 118 S.Ct. 998 (1998). The Supreme Court did not indicate such a leap was anticipated and the Court does not see it warranted here.

Whether conduct rises to the level of actionable harassment under Title IX "depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651, 119 S.Ct. 1661 (internal citations and quotation marks omitted). Here, the only allegation of harassment "based on sex" is name calling by fellow teammates. Plaintiff fails to allege anything suggesting the alleged bullies treated Plaintiff comparatively different from others because of Plaintiff's sex or perceived sexual orientation. In fact, the allegations provided by Plaintiff show the perpetrators of the alleged harassment bullied other members of the team aside from him, including at least one female team member[2]. (TAC ¶ 52). Plaintiff also states, "[f]rom 2015 – 2018, only 12.5% of recruited runners have even a chance to finish all four years of running on the team," further demonstrating the bullying and eventual dismissal from the team was

---

[2] In a sexual discrimination case, a plaintiff may meet the burden of demonstrating an action was taken because of sex (1) directly where the conduct is such that it is "clear that the harasser is motivated" by sex or (2) *indirectly by introducing comparative evidence about how the "harasser treated members of both sexes"*. *Oncale*, 523 U.S. at 80-81, 118 S.Ct. 998 (1998)(emphasis added).

indiscriminate.

Plaintiff has failed to state a claim for sexual harassment under Title IX because the allegations in the TAC do not show discrimination "on the basis of sex." Nonetheless, the Court will examine the Title IX factors as they relate to sexual harassment.

**Severe and Pervasive Sexual Harassment**

Defendants argue the alleged harassment is not "so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school,"[3] and thus should be dismissed.

As stated previously, "whether gender-oriented conduct rises to the level of actionable harassment depends on a constellation of surrounding circumstances, expectation, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis,* 526 U.S. at 651, 119 S.Ct. 1661. Courts "must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults." *Id*. The Supreme Court in *Davis* explicitly recognizes that schools serve as the testing ground for a variety of behaviors that would be unacceptable elsewhere, and that only sufficiently egregious behavior will subject a funding recipient to liability:

> [A]t least early on, students are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender. Rather, in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that Title IX is designed to protect.

*Davis*, 526 U.S. at 651–52, 119 S.Ct. 1661.

---

[3] Defendants fail to argue the other four (4) requisite elements, thus the Court will assume, for purposes of this ruling, that all other elements have been met.

- 7 -

The alleged harassment here cannot be deemed severe and pervasive sexual harassment because it is the precise conduct recognized by the Supreme Court in *Davis* as not being actionable under Title IX. The Supreme Court in *Davis* recognized that all circumstances are not equal, and in some cases, particularly in the school setting, as here, inappropriate and offensive conduct is not necessarily actionable. 526 U.S. at 652, 119 S.Ct. 1661. The case law makes clear Title IX was not intended and does not function to protect students from bullying, and the allegations provided by Plaintiff shows nothing more than bullying. Furthermore, the offensive language used by the perpetrators is not a part of a larger constellation of sexually-based conduct. Because Plaintiff fails to satisfy an essential element required in a Title IX case, Plaintiff's Title IX sexual harassment claim fails and is dismissed.

### b. 1983 Claims

Plaintiff argues Coaches Harvey and Li are subject to liability under Section 1983 because they provided Plaintiff with no due process before summarily removing him from the team.

To properly plead a § 1983 claim, "a plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability ... must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (internal quotation marks omitted). Defendants' Motion to Dismiss focuses exclusively on the first prong of the test: whether Plaintiff's athletic scholarship constitutes a protected interest. Defendants argue the Section 1983 claim must be dismissed because Plaintiff failed to allege a protected property interest, and even if such an interest existed, the individual defendants are shielded by qualified immunity.

Questions of qualified immunity are properly addressed at the earliest possible stage

of litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). State officials acting in their individual capacity are liable for violating someone's "clearly established" rights if "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, while a case directly on-point is not required to pierce qualified immunity, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

"Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules." *Goss v. Lopez*, 419 U.S. 565, 572–73 (1975). Thus, the Court must first determine if Arizona law provides "underlying substantive interest" in an athletic scholarship at the University. *Newman v. Sathyavaglswaran*, 287 F.3d 786, 797 (9th Cir. 2002). The Court finds the caselaw on point is sparce (indeed, neither party provided any authority on the matter), but it seems Arizona does not recognize an athletic scholarship as a protected interest. *See Parker ex rel. Parker v. Arizona Interscholastic Ass'n, Inc.*, 204 Ariz. 42, 46, 59 P.3d 806, 810 (Ct. App. 2002) (stating interscholastic athletics is an important component of the educational process, but…not constitutionally protected.); *see also Justice v. Nat'l Collegiate Athletic Ass'n*, 577 F.Supp. 356, 366 (D.Ariz.1983) (noting that participation in intercollegiate athletics is not a constitutionally protected interest).

Plaintiff cites to two cases in support of his argument that an athletic scholarship constitutes a protected interest: *Austin v. University of Oregon*, 925 F.3d 1133, 1139 (9th Cir. 2019) and *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981). Neither case provides authority in support of Plaintiff's arguments because the court in

1 each case only agreed to assume a property interest as arguendo, before dismissing the
2 claims.

3 The Court must also determine whether the law was clearly established with respect
4 to that legitimate entitlement. "To determine whether the law was clearly established, we
5 first look to our own binding precedent. If none is on point, we may consider other
6 decisional law. We need not find that the very action in question has previously been held
7 unlawful, but, rather, we consider whether a reasonable officer would have had fair notice
8 that the action was unlawful, and that any mistake to the contrary would have been
9 unreasonable." *Chappell v. Mandeville*, 706 F.3d 1052, 1056-57 (9th Cir. 2013). Neither
10 party has directed the Court to a controlling Supreme Court or Ninth Circuit decision on
11 point. In the absence of binding precedent, the Court is directed to decisional law. In the
12 Court's review, the decisional case law leans in the direction that an athletic scholarship
13 does not represent a protected property interest. *See Parker ex rel. Parker v. Arizona*
14 *Interscholastic Ass'n, Inc.*, 204 Ariz. 42, 46, 59 P.3d 806, 810 (Ct. App. 2002); *see also*
15 *Justice v. Nat'l Collegiate Athletic Ass'n*, 577 F.Supp. 356, 366 (D.Ariz.1983); see also
16 *Charleston v. Bd. of Trustees of Univ. of Ill. at Chicago*, 741 F.3d 769, 772-73 (7th Cir.
17 2013) (requires a student of higher education asserting a procedural due process claim to
18 support that claim with "exact promises the university made to the student[,]" for example,
19 "an agreement ... that [the student] would be dismissed only for good cause")

20 Under the *al-Kidd* standard, qualified immunity shields federal and state officials
21 from money damages, "unless a plaintiff pleads facts showing (1) that the official violated
22 a statutory or constitutional right, and (2) that the right was 'clearly established' at the time
23 of the challenged conduct." 563 U.S. at 741. Plaintiff has not provided, and the Court has
24 not found, any authority stating an athletic scholarship is a protected right. Furthermore, in
25 the absence of binding on-point precedent and in light of the scarcity of any decisional case
26 law described above, the Court cannot find the due process right Plaintiff asserts here was
27 clearly established. Accordingly, the individual defendants here, are entitled to qualified
28 immunity and Plaintiff's Section 1983 claim is dismissed.

### c. Retaliation

Plaintiff also asserts a retaliation claim under Title IX. Plaintiff argues in his response to the Motion to Dismiss that the complaint alleges sufficient evidence the coaches dismissed Plaintiff from the team on a pretextual basis in retaliation for his harassment complaints.

Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173, 125 S. Ct. 1497, 1504, 161 L. Ed. 2d 361 (2005). Where the retaliation occurs because the complainant speaks out about sex discrimination, the "on the basis of sex" requirement is satisfied. *Id.* at 179. A plaintiff who "lacks direct evidence of retaliation must first make out a *prima facie* case of retaliation by showing (a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two. The burden on a plaintiff to show a prima facie case of retaliation is low. Only 'a minimal threshold showing of retaliation' is required." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 867 (9th Cir. 2014) *quoting Emeldi v. Univ. of Or.*, 698 F.3d 715, 724–25 (9th Cir.2012). The causal link between Plaintiffs' protected conduct and the adverse actions they suffered "may be established by an inference derived from circumstantial evidence" such as a proximity in time between the protected action and the alleged retaliation. *Id*.

Here, Plaintiff alleges he complained about harassment to coaches on multiple occasions which is a protected activity. Plaintiff also alleges he suffered an adverse action when he was removed from the team. The protected activity here and the alleged retaliation occurred in a similar time period such that a causal link may be inferred. The Court finds, at this stage of litigation, Plaintiff has sufficiently plead a Title IX retaliation claim.

### d. Punitive Damages

Count III of Plaintiff's TAC claims punitive damages for the "malicious conduct" of individual defendants Harvey and Li. Defendants argue Count III should be dismissed

because Plaintiff has failed to allege sufficient factual allegations to support an inference Defendants acted with an evil mind. The Court agrees.

To recover punitive damages under Arizona law, the plaintiff must establish the defendant acted with an "evil mind" through conduct that is "aggravated and outrageous." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (Ariz. 1986). "Indifference to facts or failure to investigate ... may not rise to the level required by the punitive damage rule." Rawlings v. Apodaca, 726 P.2d 565, 578 (Ariz. 1986). "However, where the 'defendant intended to injure the plaintiff' or, 'although not intending to cause injury, [the] defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others,' punitive damages are available. *Miller v. I-Flow Corp.*, 2011 WL 13092973, at *3 (D. Ariz. July 6, 2011) *quoting Rawlings*, 726 P.2d at 578.

Plaintiff's claim for punitive damages here fails from the outset because, as discussed previously, the underlying claim against then individual defendants is not viable. *See Higton v. Quicken Loans, Inc*., No. 2:10-CV-01320 JWS, 2011 WL 333357, at *4 (D. Ariz. Jan. 31, 2011) (holding the availability of punitive damages depends on the viability of the underlying claim for relief). The punitive damages claim also fails because the factual allegations are insufficient to support an inference Defendants Harvey and Li acted with the "evil mind" required to support a request for punitive damages. Furthermore, the allegations relating to Count III are conclusory. Accordingly, Count III of the TAC is dismissed.

### e. Permission to Further Amend the Complaint

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, but if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal.

*Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). However, repeated failure to cure deficiencies may affect whether justice requires granting leave to amend yet again. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). In fact, the Court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996); see *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.").

Plaintiff has already been permitted to amend his complaint three times. If the Court allowed Plaintiff to amend the complaint here, it would be the fifth complaint in this case; the Court does not find justice would be served by granting leave to amend yet again. The Court also finds the deficiencies in the complaint cannot be cured by amendment. Accordingly, the Court will not permit Plaintiff to further amend the complaint.

**CONCLUSION**

In light of the foregoing, the Court makes the following findings and orders:

**THE COURT FINDS** Plaintiff has failed to state a plausible Title IX claim as it pertains to sexual harassment.

**THE COURT FURTHER FINDS** Plaintiff has failed to state a plausible Section 1983 claim against individual defendants Harvey and Li.

**THE COURT FURTHER FINDS** Plaintiff has failed to state a plausible claim for punitive damages against defendants Harvey and Li.

**IT IS THEREFORE ORDERED** Defendant's Motion to Dismiss (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** Count I of Plaintiff's Third Amended Complaint as it pertains to a Title IX claim for sexual harassment is **DISMISSED**.

**IT IS FURTHER ORDERED** Count II of Plaintiff's Third Amended Complaint

is **DISMISSED**. Defendants Harvey and Li are, therefore, **DISMISSED** from this action.

**IT IS FURTHER ORDERED** Count III of Plaintiff's Third Amended Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss (Doc. 27) as it pertains to Plaintiff's Title IX claim for retaliation is **DENIED**. Plaintiff may proceed on the Title IX retaliation claim encompassed in Count I against Defendants Arizona Board of Regents and University of Arizona.

Dated this 17th day of August, 2021.

Honorable Scott H. Rash
United States District Judge