# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grabowski,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>        Defendants. | No. CV-19-00460-TUC-SHR<br><br>**Order Granting Motion for Stay and Vacating Scheduling Conference** |

Defendants Arizona Board of Regents and the University of Arizona ("Defendants") have filed a Motion to Stay Pending Ruling on the Motion for Judgment on the Pleadings (Doc. 35) and Plaintiff Grabowski has filed a Response in opposition. (Doc. 36). For the reasons discussed below, the motion is granted and all MIDP responses, discovery and all other matters set forth in the Court's Order Setting Scheduling Conference (Doc. 33) shall be stayed.

**I.    Background**

After the Court set a telephonic pretrial case management conference (Doc. 33), Defendants filed a motion for judgment on the pleadings to address the final remaining claim in this case. (Doc. 34.) Shortly thereafter, Defendants filed this Motion arguing that the pending Motion for Judgment on the Pleadings "is dispositive of the entire action and requires no disclosures or discovery for the Court to make its ruling." (Doc. 35 at 3.) As such, Defendants reason "a stay would promote the goals of efficiency" and prevent

the parties from incurring significant litigation expenses related to discovery. (*Id.*)

## II. Discussion

This Court has broad discretionary powers to control discovery, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988), and it may deny or limit discovery upon a showing of good cause, Fed. R. Civ. P. 26(c). For example, it may stay discovery pending resolution of a motion to dismiss that only raises legal issues. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (no abuse of discretion where trial court stayed discovery because pending motion contained no factual issues); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (discovery only appropriate when factual issues are raised). Similarly, it may stay discovery pending resolution of a dispositive motion for a judgment on the pleadings. *Simms v. Sinclair*, 2019 WL 5862812, at *1 (W.D. Wash. 2019).

Here, Defendants have requested judgment on the pleadings and that Plaintiff's final claim be dismissed on a legal issue that requires no further disclosure or discovery. (Doc. 35 at 3.) Plaintiff does not dispute this. (Doc. 36. at 1-6.) Instead, Plaintiff argues that Defendant's Motion should be denied as "duplicative and untimely." (Doc. 36 at 1.) In their Motion for Judgment on the Pleadings, Defendants clarify that they did not fully brief the retaliation claim in their motion to dismiss because Plaintiff seemingly deleted this claim from the operative complaint. (Doc. 34 n. 1). The Court finds further briefing on the retaliation appropriate because the pending motion could be potentially dispositive on a pure legal issue. Further, the Court finds the motion for judgement on the pleadings is timely because it is "early enough not to delay trial." *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Although a scheduling conference was set, there was no trial date set and the Court does not see how a stay would be "severely prejudicial" to Plaintiff. (Doc. 36 at 5.) Therefore, the Court finds good cause to grant the stay until the Court resolves Defendants' pending Motion for Judgment on the Pleadings. If the Court denies Defendants' Motion for Judgment on the Pleadings, an order will issue setting a

new date for a Rule 16 Scheduling Conference.

Accordingly,

**IT IS ORDERED:**

(1) Defendants' Motion to Stay Pending Ruling on the Motion for Judgment on the Pleadings (Doc. 35) is **GRANTED.**

(2) The proceedings in this case are stayed until the Court resolves Defendants' pending Motion for Judgment on the Pleadings. (Doc. 34)

(3) The telephonic Rule 16 Scheduling Conference currently set for Friday, November 19, 2021 is **VACATED**.

Dated this 3rd day of November, 2021.

Honorable Scott H. Rash
United States District Judge