**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grabowski,<br><br>          Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>          Defendants. | No. CV-19-00460-TUC-SHR<br><br>**Order Granting Leave to Amend Complaint** |

Pending before the Court is "Plaintiff's Motion to Approve Filing of Fourth Amended Complaint" (Doc. 46). For the reasons mentioned below, the Motion is granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

**A. First Four Complaints**

In September 2019, Plaintiff Michael Grabowski filed a Complaint alleging "[v]iolations of Title IX and 28 U.S.C. § 1983," assault, defamation, and punitive damages against sixteen defendants. (Doc. 1 ¶¶ 2–11, 97–109.) In November 2019, Plaintiff filed a First Amended Complaint as a matter of course that, among other things, removed a defendant. (Doc. 7 ¶ 5.) In March 2020, Plaintiff filed a Second Amended Complaint that removed ten defendants. (Doc. 16.) In July 2020, Plaintiff filed a Third Amended Complaint which removed his defamation and assault claims. (Doc. 26.)

In August 2020, the remaining Defendants—Defendants Arizona Board of Regents, the University of Arizona, Frederick Lee Harvey and wife Janet Harvey, James Li and wife

Jean Wang—moved to dismiss all claims. (Doc. 27.) In August 2021, the Court granted Defendants' Motion to Dismiss the § 1983 claims, the punitive damages claim, and the Title IX discrimination claim. (Doc. 31.) However, it allowed Plaintiff's Title IX retaliation claim to proceed against Defendants Arizona Board of Regents and the University of Arizona ("University Defendants"). (*Id.* at 13–14.) The Court denied Plaintiff leave to amend. (*Id.* at 13.)

In October 2021, University Defendants filed a motion for judgment on the pleadings on Plaintiff's remaining claim based on the lack of a protected activity. (Doc. 34.) In April 2022, the Court granted University Defendants' motion for judgment on the pleadings. (Doc. 40.)

### B. Appeal

In May 2022, Plaintiff filed a notice of appeal. (Doc. 42.) In June 2023, the Ninth Circuit published an opinion reversing the Court's dismissal of the Title IX retaliation claim and remanding the case. *Grabowski v. Arizona Board of Regents*, 69 F.4th 1110 (9th Cir. 2023). The Ninth Circuit also affirmed this Court's dismissal of Plaintiff's Title IX discrimination claim because Plaintiff did not link the alleged harassment from his teammates to diminishment of his education. *Id.* at 1120. However, the Ninth Circuit vacated the denial of leave to amend and stated:

> During oral argument, when asked what facts support Plaintiff's claim that he suffered a loss of educational opportunities, Plaintiff's lawyer asserted for the first time that he knew of additional facts that Plaintiff could add to support his claim.
>
> Because these facts,[1] if pleaded, might aid Plaintiff, we vacate the portion of the district court's order denying leave to amend that claim. On remand, if Plaintiff seeks leave to amend the complaint further, the district court is free to consider such a request.

---

[1] Counsel stated that Plaintiff had to leave the University of Arizona "as soon as the semester was over" due to the loss of his athletic scholarship, after which Plaintiff obtained another athletic scholarship at a different university.

- 2 -

*Id.* (footnote in original).

The mandate was issued on July 5, 2023.  (Doc. 45.)

### C. <u>Present Motion</u>

On October 26, 2023, Plaintiff filed a Motion to Approve Filing of Fourth Amended Complaint.  (Doc. 46.)  The Motion has been fully briefed.  (*See* Docs. 49, 50.)

### II.     RULE 15 STANDARD

The Court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a).  This standard is generous, *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011), and is "applied with extreme liberality," *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  When considering whether to grant leave to amend, a district court should consider several factors including undue prejudice to the opposing party, the movant's bad faith or dilatory motive, undue delay, futility, and repeated failure to cure deficiencies by amendments previously allowed. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Prejudice to the opposing party carries the most weight. *Id.*

### III.    DISCUSSION

Plaintiff asserts the Ninth Circuit "reversed this Court's decision" to decline an amendment to the Title IX discrimination claim "and has permitted, on remand, the Plaintiff to add a claim for educational damages" to reinstate the claim.  (Doc. 46 at 2; Doc. 50 at 1.)  Plaintiff is mistaken.  The Ninth Circuit *vacated* the portion of the order denying leave to amend the claim and said the district court "is free to consider such a request" if Plaintiff seeks leave on remand.  *Grabowski*, 69 F.4th at 1120.

Because Plaintiff has requested leave to amend after remand, the Court will now consider the request.[2]

---

[2]The Court notes Plaintiff has routinely disregarded the local rules when filing amended complaints by failing to bracket or strike "through the text to be deleted" and underline "the text to be added."  LRCiv 15.1(a).  Plaintiff also filed an untimely Reply.

### A. <u>Undue Prejudice</u>

University Defendants argue they have sustained significant expense and four years of protracted litigation because this is Plaintiff's Fourth Amended Complaint. (Doc. 49 at 13.) Plaintiff argues there is no prejudice because there has been no discovery or depositions in this case. (Doc. 50 at 5.)

The Court finds there is minimal prejudice at this stage in the case because this case is at an early stage, discovery has not commenced, and there is no new surprise theory being alleged to greatly alter the nature of the litigation.

### B. <u>Bad Faith</u>

University Defendants argue Plaintiff is acting in bad faith because he falsely told the Ninth Circuit during his appellate oral argument he could show deprivation of an educational opportunity by alleging he was "forced to transfer schools due to the loss of his scholarship" and Plaintiff is now adding this false allegation to the proposed Fourth Amended Complaint. (Doc. 49 at 11.) According to University Defendants, Plaintiff retained his scholarship after he was released from the team in September 2018 and he did not lose it until July 1, 2020, after Plaintiff had already transferred. (*Id.* at 2, 5.) University Defendants argue the statement to the Ninth Circuit and the false allegation in the proposed amended complaint "are impermissible tactics designed to drag out these proceedings." (*Id.* at 11.)

Plaintiff argues the letter University Defendants rely on is "irrelevant to the claims alleged in the Proposed Fourth Amended Complaint . . . and is factually incorrect." (Doc. 50 at 3–4.) Plaintiff appears to argue the July 1, 2020, letter cancels a scholarship for a different year. (*Id.*) Plaintiff's affidavit states he was notified via email his athletic scholarship could not be retained past the end of the 2018–2019 academic year and Plaintiff states he continued for one "more semester at the University . . . without access to [his]

---

*See* LRCiv 7.2 (moving party "shall have seven (7) days after service of the responsive memorandum to file a reply memorandum"). The Court may strike future filings if Plaintiff fails to comply with the Local Rules of Civil Procedure.

- 4 -

athletic scholarship which had been declined and canceled." (Doc. 50-1 ¶¶ 5–7.)

Even if the Court considers the Scholarship letter referenced by University Defendants, the Court finds there is insufficient information at this stage to determine whether Plaintiff's allegations regarding the loss of a scholarship are being made in bad faith. It is unclear when Plaintiff transferred and there are factual disputes related to when scholarships or grants were canceled. The Court finds University Defendants' argument regarding prolonging the proceedings in bad faith unpersuasive at this stage in the proceedings.

### C. Undue Delay

University Defendants argue there was undue delay because Plaintiff waited over four months to seek leave to amend the complaint after the Ninth Circuit vacated the denial of leave to amend and all the new alleged facts were known to Plaintiff at the time of the Third Amended Complaint. (Doc. 49 at 12.)

Plaintiff argues there is no undue delay because the "case is at its infancy," discovery has not started, and "[t]his case was specifically remanded by the Ninth Circuit to consider the filing of this proposed Fourth Amended Complaint." (Doc. 50 at 5.)

The Court finds Plaintiff could have been more diligent and added this claim earlier. The Ninth Circuit said the Court could consider leave to amend the complaint *if* Plaintiff requested it. Plaintiff does not explain why he waited so long after the mandate issued to request leave to amend. The Court finds this troubling when it appears all these facts were available to Plaintiff at the time of the remand. Nonetheless, the Court gives this factor little weight as there is no undue prejudice. *See Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (undue delay insufficient ground for denying leave to amend where there is a lack of prejudice and amended complaint is obviously not frivolous or made as a dilatory maneuver). The cases cited by University Defendants are distinguishable. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1386–89 (9th Cir. 1990) (finding undue delay in a case where motion to amend came after discovery deadline passed and motion for summary judgment had been filed); *Acri v. Int'l Ass'n of*

*Mach. & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986) (finding undue delay when motion "was brought to avoid the possibility of an adverse summary judgment ruling" and allowing amendment would prejudice the other party "because of the necessity for further discovery.")

### D. <u>Futility</u>

University Defendants argue leave to amend should be denied because the new allegations still fail to state a claim for harassment. (Doc. 49 at 6–11.) Specifically, they argue the new allegations do not support an inference of deprivation of an educational opportunity. (*Id.*) Plaintiff argues the allegations must be taken as true at this stage in the case and the new allegations establish the bullying deprived him of an educational opportunity. (Doc. 50 at 2–5.)

A school receiving federal funding can be liable for an individual claim of student-on-student harassment if, among other things, the plaintiff suffered harassment so severe that it deprived the plaintiff of access to educational opportunities or benefits. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). The plaintiff must allege facts plausibly supporting a "potential link between [his] education and [the alleged] misconduct." *Id.* at 652. Conduct that "undermines and detracts from the victims' educational experience," such that "the victim-students are effectively denied equal access to an institution's resources and opportunities," counts as a deprivation of educational opportunity. *Id.* at 651.

Here, taking as true all plausible allegations in the proposed complaint, Plaintiff sufficiently alleges a "potential link" between the quality of Plaintiff's education and the alleged harassment. Plaintiff alleges "[h]e was denied an $8000 grant/scholarship because his grades slipped below the minimum once the effects of the harassment and retaliation were known to [him]."[3] (Doc. 46-2 ¶ 26.) Plaintiff also alleges due to the loss of an athletic

---

[3]University Defendants argue the Court should disregard new allegations of a decline in grades because the new allegations contradict Plaintiff's previous allegations that his grades were always exemplary. (Doc. 49 at 10.) In an abundance of caution, the

- 6 -

scholarship "he was denied access to special tutoring, available only to student athletes on scholarship" and the loss of his scholarship forced him to transfer. (*Id.*) University Defendants will have the opportunity to challenge these factual allegations at a later stage in the proceedings.

### E. Previous Amendments

Although Plaintiff has had several previous amendments and is now proposing to file a fifth complaint, the first amended complaint was filed as a matter of course before University Defendants appeared (Doc. 7) and the second Amended Complaint and Third Amended Complaint were granted via stipulations between the parties. (*See* Docs. 15, 23.)

### IV. CONCLUSION

After considering the relevant factors and authority, the Court will allow Plaintiff to amend the complaint in the interest of justice.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Approve Filing of Fourth Amended Complaint (Doc. 46) is **GRANTED**. Plaintiff must file and serve the Fourth Amended Complaint on or before **January 25, 2024**. *See* LRCiv 15.1(a).

Dated this 11th day of January, 2024.

Honorable Scott H. Rash
United States District Judge

---

Court will consider and allow this inconsistent allegation because Ninth Circuit precedent is unclear as to whether amended pleadings may ever contradict earlier allegations. *Compare Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (holding leave to amend would be futile and noting "a party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding" (cleaned up)), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (holding a district court erred in striking inconsistent pleadings as sham litigation and noting "[t]he short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations").